STATE OF NORTH CAROLINA v. JAY ALEXANDER YOUNG, JR.

No. 451A86

(Filed 2 June 1987)

1. **Constitutional Law § 34; Criminal Law § 26.5— rape—first degree sexual of-fense, and kidnapping—judgment suspended on rape—not multiple punishment**

   In a prosecution for first degree rape, first degree sexual offense, first degree kidnapping, and armed robbery where defendant was found guilty of first degree rape, first degree sexual offense, and kidnapping based on an underlying sexual assault, the jury did not identify which of the sexual assaults it used to support the verdict on the kidnapping case, and judgment was originally entered on all three offenses plus defendant's robbery convic-tion, the court did not err by arresting judgment in the rape case to avoid a multiple punishment problem.

2. **Rape and Allied Offenses § 6; Robbery § 5.2— instruction that knife a deadly weapon—no error**

   The trial court did not err in a prosecution for rape, first degree sexual of-fense, kidnapping, and armed robbery by instructing the jury that a knife was a dangerous weapon where the weapon was a five-inch folding knife which was held to the victim's throat during the robbery and was used to threaten her during the sexual assault.

APPEAL by defendant from the judgment of *Ross, J.*, entered at the 14 April 1986 Criminal Session of IREDELL County Superior Court. Defendant was convicted of first degree rape, first degree sexual offense, first degree kidnapping and robbery with a dan-gerous weapon. Judge Ross sentenced defendant to concurrent terms of life imprisonment on the rape and sexual offense convic-tions, and to consecutive terms of 40 years imprisonment on the kidnapping and robbery charges (a total of life plus 80 years). By order dated 29 June 1986 Judge Ross arrested judgment in the

first degree rape case. Heard in the Supreme Court on 11 May 1987.

*Lacy H. Thornburg, Attorney General, by Christopher P. Brewer, Special Deputy Attorney General, for the state.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Louis D. Bilionis, Assistant Appellate Defender, for defendant-appellant.*

EXUM, Chief Justice.

The questions presented in this appeal are whether the trial judge erred when he (1) arrested judgment in the first degree rape case, and (2) instructed the jury that a knife is a deadly weapon. We find no error and therefore affirm the actions of the trial court.

The state's evidence tended to show that on 6 May 1985 the victim was working the evening shift at Fast Phil's convenience store in Troutman, North Carolina. At approximately 11:30 p.m. a man the victim later identified as defendant ran behind her, put a knife to her throat, and demanded that she open the cash register. After removing approximately $60.49 from the register defendant led the victim away from the store and forced her into a car parked near a local church.

Defendant then drove to a secluded spot and, while pointing his knife at the victim, ordered her to remove her clothes. When she refused, defendant hit her on the head. The victim eventually complied with his orders and defendant forced her to perform fellatio. He then reclined the passenger seat and had vaginal intercourse with her. At this point the victim realized that defendant was no longer holding his knife. She grabbed it and managed to stab him once or twice in the back. A struggle ensued, during which defendant grabbed the blade of the knife and was bitten on the hand by the victim. The victim then told defendant that she would do anything he desired as long as he allowed her to throw the knife away, and defendant let her do so. He then attempted further intercourse, after which he told the victim to run away.

Defendant offered no evidence but did cross-examine the victim with respect to her identification of him as the perpetrator.

[1] The first assignment of error in this case concerns the trial court's attempt to avert a multiple punishment problem by ar-

resting judgment on defendant's conviction of first degree rape. The jury found defendant guilty of first degree rape and first degree sexual offense. In addition, the jury found defendant guilty of first degree kidnapping based on an underlying sexual assault.[1] The jury did not, however, identify which of the two sexual assaults it used to support its verdict in the kidnapping case. Judgment originally was entered on all three offenses, plus defendant's robbery conviction. A short time later the trial judge perceived a multiple punishment problem under this Court's decision in *State v. Freeland*, 316 N.C. 13, 340 S.E. 2d 35 (1986), and arrested judgment in the first degree rape case.[2]

Defendant concedes that the trial court's effort to remedy the multiple punishment problem is consistent with this Court's suggestions in *Freeland*. In that case, as here, the defendant was convicted of both rape and sexual offense in addition to kidnapping. We remanded with instructions to either (1) arrest judgment in the first degree kidnapping case and resentence the defendant for second degree kidnapping, or (2) arrest judgment in one of the sexual assault cases. *Id.* at 24, 340 S.E. 2d at 41. Here the trial judge did the latter. Defendant nevertheless contends this was error because the judge did not know which sexual assault the jury used to support its verdict in the kidnapping case.

We need only point out that the situation here is precisely the situation faced by this Court in *Freeland*. It makes no difference which sexual assault the jury used. Each is sufficient to support the conviction of first degree kidnapping, and each carries a mandatory penalty of life imprisonment. Defendant therefore cannot be prejudiced when the trial judge averts the multiple punishment problem by arresting judgment on either one of the sexual assaults.

*State v. Belton*, 318 N.C. 141, 347 S.E. 2d 755 (1986), the case upon which defendant relies, is inapposite. In *Belton*, as here, defendants were convicted of first degree rape, first degree sex-

---

1. N.C.G.S. § 14-39(b) (1986) states in part: "If the person kidnapped either was not released in a safe place or had been seriously injured or sexually assaulted, the offense is kidnapping in the first degree. . . .

2. Punishment for both first degree kidnapping and the underlying sexual offense unconstitutionally subjects a defendant to double punishment. *State v. Freeland*, 316 N.C. at 21, 340 S.E. 2d at 39.

ual offense and first degree kidnapping. The evidence, however, tended to show that one of the two victims had been sexually assaulted in three ways. Two of the sexual assaults resulted in defendant's convictions for first degree rape and first degree sexual offense. Defendants were not indicted for the third sexual assault, which also was a rape. The state argued that the unindicted rape could have been used by the jury to supply the sexual assault element of the first degree kidnapping, and therefore no multiple punishment problem was presented.

This Court rejected the state's argument for two reasons. First, to accept it we would have been required to assume that the jury unanimously found, without being instructed, that the unindicted rape was committed. Second, we would have had to assume that the jury, again without the benefit of instruction, used the unindicted rape as the underlying sexual assault in its first degree kidnapping verdict. Neither assumption, this Court held, is a permissible one. *Id.* at 162, 347 S.E. 2d at 768.

Here we are required to make no such assumptions. As in *Freeland*, "[t]he only sexual assaults committed by defendant . . . were the rape and sexual offense for which he was separately convicted. . . . [I]n finding defendant guilty of first degree kidnapping the jury must have relied on the rape or sexual offense to satisfy the sexual assault element." *Freeland*, 316 N.C. at 21, 340 S.E. 2d at 39. Thus, *Freeland* controls this case and defendant's first assignment of error must be overruled.

[2] Defendant next assigns error to the trial court's instructions concerning his use of a knife. The judge instructed the jury in the robbery case that "a knife is a dangerous weapon." Similarly, in the rape and sexual offense cases the judge stated that "a knife is a dangerous or deadly weapon." Defendant contends that these instructions violate his right to have a jury pass on every essential ingredient of a criminal offense.

This question is controlled by our recent decision in *State v. Torain*, 316 N.C. 111, 340 S.E. 2d 465, *cert. denied*, --- U.S. ---, 93 L.Ed. 2d 77 (1986). In *Torain*, which involved a utility knife with a one-inch razor blade, we found no error in a virtually identical instruction. Here the weapon was a folding knife with a five-inch blade. Defendant held the knife to the victim's throat during

the robbery and threatened her with it during the sexual assault. As we said in *Torain*,

> "[i]t has long been the law of this state that '[w]here the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion, the question as to whether or not it is deadly . . . *is one of law, and the Court must take the responsibility of so declaring.*'"

*Id.* at 119, 340 S.E. 2d at 470. Defendant asks that we reconsider our decision in *Torain*. We decline to do so. This assignment of error therefore is overruled.

No error.