STATE OF NORTH CAROLINA v. RONALD EDWARD FREELAND

No. 607A86

(Filed 5 November 1987)

**Criminal Law § 26.5— kidnapping, rape and sexual offense—multiple punishments problem—arrest of rape judgment**

Where defendant was convicted of first degree kidnapping, first degree rape and first degree sexual offense, and it appears that the jury must have relied on the sexual offense or the rape in order to find the sexual assault element of first degree kidnapping, the trial court could avoid a multiple punishment problem by arresting judgment on the first degree rape case and was not required either to arrest judgment on both of the sexual assault convictions or to arrest judgment on the first degree kidnapping conviction and resentence defendant for second degree kidnapping.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from an order entered by *Ellis, J.,* on 7 July 1986 in Superior Court, ALAMANCE County, arresting a judgment of life imprisonment in No. 83CRS13176, wherein defendant was convicted of first degree rape, but leaving undisturbed judgments of life imprisonment in No. 83CRS13177, wherein defendant was convicted of first degree sexual offense, and thirty years' imprisonment in No. 83CRS 13178, wherein defendant was convicted of first degree kidnapping. Defendant's motion to bypass the Court of Appeals in the kidnapping case was allowed on 28 January 1987. Heard in the Supreme Court 15 October 1987.

*Lacy H. Thornburg, Attorney General, by John R. Corne, Assistant Attorney General, for the state.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Gayle L. Moses, Assistant Appellate Defender, for defendant appellant.*

PER CURIAM.

Defendant was initially tried at the 6 February 1984 Criminal Session of Superior Court, Alamance County, before Judge Robert Hobgood and a jury. He was convicted of first degree rape, first degree sexual offense and first degree kidnapping. Judge Hobgood sentenced him to life imprisonment in both the first degree rape and first degree sexual offense cases, the sentences to run concurrently, and to thirty years' imprisonment in the first

State v. Freeland

degree kidnapping case, this sentence to begin at the expiration of the life sentences.

Upon appeal this Court concluded that the jury must have relied on the sexual offense or the rape in order to find the sexual assault element of first degree kidnapping. Further concluding that the legislature had not authorized cumulative punishments for both first degree kidnapping and a crime which formed a necessary element of the kidnapping, the Court remanded the case for a new sentencing hearing. The Court directed the trial court either to arrest judgment on the first degree kidnapping conviction and resentence defendant for second degree kidnapping or to arrest judgment on one of the sexual assault convictions. *State v. Freeland*, 316 N.C. 13, 340 S.E. 2d 35 (1986).

Judge Ellis conducted the new sentencing hearing on 7 July 1986. He elected pursuant to this Court's directions to arrest judgment in defendant's first degree rape case.

Defendant now contends that under *State v. Belton*, 318 N.C. 141, 347 S.E. 2d 755 (1986), Judge Ellis was required either to arrest judgment on both of the sexual assault convictions or to arrest judgment on the first degree kidnapping conviction and resentence defendant for second degree kidnapping. We recently rejected this same argument in *State v. Young*, 319 N.C. 661, 356 S.E. 2d 347 (1987), distinguishing *Belton* from both *Freeland* and *Young*.

On the authority of our initial *Freeland* decision and *Young* the decision of Judge Ellis is

Affirmed.